# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER ASHLOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:14-cv-00360-JMS-WGH |
| | ) |
| RICHARD BROWN Superintendent, Sued | ) |
| Individually and in their official capacities, | ) |
| C. NICHOLSON Lieutenant, Sued | ) |
| individually and in their official capacities, | ) |
| J SEXTON Correctional Officer, Individually | ) |
| and in their official Capacities, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Certain Claims
and Directing Further Proceedings**

On August 11, 2014, Christopher Ashlock, an inmate house in the Secured Control Unit at Wabash Valley Correctional Facility, tripped and fell down the stairs on his way to the shower. Ashlock was handcuffed behind his back and not physically assisted by a correctional officer as he descended the metal stairs. Ashlock was knocked unconscious as a result of the fall and transported to the Terre Haute Regional Hospital for emergency treatment. Ashlock alleges that facility policy requiring physical assistance when descending stairs was not followed. In this civil action he alleges that Superintendent Richard Brown, C. Nicholson, and J. Sexton are liable to him as a result of the fall pursuant to 42 U.S.C. § 1983. He seeks money damages and injunctive relief.

**I. The Complaint**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations,

taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Ashlock's claim is asserted pursuant to 42 U.S.C. ' 1983. To state a claim under ' 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [' 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

The Eighth Amendment's proscription against the imposition of cruel and unusual punishment provides the constitutional standard for the treatment of convicted offenders such as Ashlock. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993). That is the pertinent constitutional provision associated with the claim in this action. Under the Eighth Amendment, prison officials must take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). In a Aconditions@ case, Eighth Amendment liability attaches when a plaintiff shows that the condition he complains of was objectively serious enough to demonstrate that he

was deprived of the "'minimal civilized measure of life's necessities,'" *id.,* (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)), and that the named prison official acted with deliberate indifference to his health or safety. *Id.* (citing *Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991)). In relation to the second of these elements, to be "deliberately indifferent," a state of mind derived from criminal recklessness, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Thus the first question is whether the hazard alleged is sufficiently serious to invoke the Eighth Amendment. *See Pyles v. Fahim* 2014 WL 5861515, 8 (7th Cir. 2014) (*citing Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (per curiam) (agreeing with district court that, as a matter of law, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations," thus upholding sua sponte dismissal of deliberate-indifference claim brought by inmate who slipped and fell in shower); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir.2004) (upholding dismissal at summary judgment of Eighth Amendment claim brought by inmate who attributed slip-and-fall to standing water in shower, since "slippery floors constitute a daily risk faced by members of the public at large"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) (reasoning that, even if shackled inmate might fall on wet floor while showering, allegations of "slippery prison floors" do not state "even an arguable claim for cruel and unusual punishment") (*quoting Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989))). At this stage in the proceeding, the Court finds the plaintiff has alleged a hazard sufficiently serious to invoke the Eighth Amendment. That hazard is the following: descending stairs with metal grating, in sandals, with hands cuffed behind the back without any assistance allegedly in violation of stated IDOC policy.

The second question is whether the plaintiff has alleged facts which reflect that any of the defendants acted with deliberate indifference with respect to the alleged hazard. As to defendant correctional officer Sexton, the answer is yes. Officer Sexton was the person who allegedly failed to provide physical assistance to Ashlock as he descended the stairs although he knew the risk of injury faced by the plaintiff.

Ashlock has not, however, alleged facts upon which this Court could conclude that Superintendent Richard Brown or Lieutenant C Nicolson were deliberately indifferent to the hazard plaintiff faced. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). "[A]n official meets the personal involvement requirement when she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Black v. Lane,* 22 F.3d 1395, 1401 (7th Cir. 1994) (quoting *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir. 1985)) (citations and internal quotations omitted). Without such an allegation, there can be no recovery. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009)("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . ."). Superintendent Brown and Lt. Nicolson appear to have been sued because of their supervisory roles at the prison. The complaint specifically alleges that Lt. Nicolson shook his head in disapproval after learning that Officer Sexton failed to physically assist the plaintiff as he descended the stairs as required by policy. Given these allegations, claims against Superintendent Brown and Lt. Nicolson are **dismissed** as legally insufficient. The court reaches this conclusion because there is no allegation that these

defendants "acted with a sufficiently culpable state of mind." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted).

In conclusion, the claims against Superintendent Brown and Lt. Nicolson are dismissed. The claim of deliberate indifference shall proceed against Officer Sexton in his individual and official capacities. The claim for money damages is brought against Officer Sexton in his individual capacity only. While the claim for injunctive relief is brought against Officer Sexton in his official capacity only.

## II. Pending Motions

The plaintiff's motion for leave to proceed without prepaying fees or costs [dkt. 3] is **granted**. The assessment of even an initial partial filing fee is not feasible at this time.

The plaintiff's motion to appoint counsel [dkt. 4] is **denied as premature.** The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013). The plaintiff may file a renewed motion requesting the Court's assistance in recruiting counsel after an answer to the complaint is filed.

## III. Further Proceedings

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on defendant J. Sexton in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

*signature: Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Date: November 26, 2014

Distribution:

CHRISTOPHER ASHLOCK
137864
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

Correctional Officer J. Sexton
WABASH VALLEY CORRECTIONAL FACILITY
6908 S. Old US Hwy 41
CARLISLE, IN 47838