# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER ASHLOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:14-cv-00360-JMS-WGH |
| | ) |
| J SEXTON Correctional Officer, Individually and in his Official Capacity, | ) |
| | ) |
| Defendant. | ) |

## ENTRY

The plaintiff's motion for leave to file an amended complaint [dkt. 8] has been considered. The proposed amended complaint seeks to add a claim for relief against Lt. Nicholson.

In this civil action, the plaintiff alleges that he fell down a flight of stairs and was injured as a result of defendant J. Sexton's failure to follow policies and procedures by not physically assisting the plaintiff as he descended the stairs with his hands cuffed behind his back. According to the proposed amended complaint, Lt. Nicholson shook his head in disapproval upon learning that Correctional Officer Sexton failed to physically assist the plaintiff down the stairs.

The plaintiff alleges that Lt. Nicholson should be legally responsible for ensuring that all custody staff in the secure confinement unit adhere to the law and Indiana Department of Corrections policies and procedures. The proposed amended complaint states that Lt. Nicholson is liable because he has been the supervisor of the SCU for many years and during that time multiple offenders have been injured in falls as a result of descending the stairs unassisted while in restraints. Lt. Nicholson allegedly failed to take steps to protect offenders from descending the stairs unassisted in restraints.

Liability under 42 U.S.C. § 1983, however, requires personal responsibility for the misconduct alleged. *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997)("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit"). In *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009), the Supreme Court wrote that knowledge of a subordinate's misconduct is not enough. The supervisor can be liable only if he wants the harmful conduct to occur. *Id*. at 677. Ashlock does not (and could not) allege that Lt. Nicholson wanted Ashlock to fall down the metal stairs with his hands cuffed behind his back. The fact that other inmates had previously fallen when other correctional officers failed to follow proper procedures is insufficient to support liability. But both *Iqbal* and *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) hold that a supervisor is not liable just because a complaint is made and an effective solution is not forthcoming. *See Vance v. Rumsfeld,* 701 F.3d 193, 204 (7th Cir. 2012).

For the reasons explained above, the proposed amendment is futile because it fails to add a viable claim. To allow the amended complaint in this case would therefore be an act of futility and the motion to amend [dkt. 8] is **denied.** *See Perkins v. Silverstein,* 939 F.2d 463, 472 (7th Cir. 1991) ("To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs.").

**IT IS SO ORDERED.**

Date: January 30, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER ASHLOCK
DOC # 137864
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel